**Henry P. ORO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73753.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Rodel E. Rodis, Esq., Law Offices of Rodel E. Rodis, San Francisco, CA, for Petitioner.

Douglas E. Ginsburg, Esq., John M. McAdams, Jr., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Henry P. Oro, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an Immigration Judge's ("IJ") decision denying his application for suspension of deportation. We dismiss the petition for review.

We lack jurisdiction to review the IJ's extreme hardship determination because it involves an exercise of discretion not subject to judicial review. *See Kalaw v. INS,*

133 F.3d 1147, 1152 (9th Cir.1997). We similarly lack jurisdiction to consider Oro's due process claim because it is not colorable. *See Torres–Aguilar v. INS.,* 246 F.3d 1267, 1271 (9th Cir.2001) ("[a] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb ... the claim must have some possible validity.").

Because Oro's failure to establish extreme hardship is dispositive, we do not reach his contentions regarding the other elements of suspension of deportation. *See* 8 U.S.C. § 1229b(b)(1); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 889 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004), Oro's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.